MALLORY & NASH *v.* CLAY COUNTY.

No. 8058.    JULY 16, 1931.

62

*Hendrix & Buchanan* and *James W. Harris,* for plaintiffs in error.

*E. R. King* and *H. A. Wilkinson,* contra.

HILL, J. (After stating the foregoing facts.)

The demurrer to the petition, on the ground that the superior court of Clay County did not have jurisdiction of Mallory & Nash, is without merit. Our law provides that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code (1910), § 6540. The City of Ft. Gaines is within the County of Clay, where the suit was brought, and substantial relief was prayed against the City of Ft. Gaines. Each of the defendants is interested in the result of the suit, and in order to prevent a multiplicity of suits it was brought in the county in which resided one of the defendants against whom substantial relief was prayed. And it can not be said that there is no equity in the petition because of the fact that the contract

between the City of Ft. Gaines and Mallory & Nash was not in writing. It was alleged in the petition that the original promisor, the City of Ft. Gaines, and its vendees Mallory & Nash, entered into a contract by which the latter were to take the place of the former in dismantling and tearing down the old Lattice bridge, and were to receive as compensation the material of the bridge when dismantled, with a few exceptions, and that Mallory & Nash did receive this material in compensation for their contract, and as a consideration therefor. In these circumstances, where Mallory & Nash have completed the performance of the contract by accepting the material of the bridge as alleged in the petition, it can not be said that they are not bound by such agreement; and this being so, they are proper parties to the present suit. See *O'Leary* v. *Costello*, 169 *Ga.* 754 (154 S. E. 487) ; Civil Code (1910), § 5417; *Williams* v. *American Tie & Timber Co.*, 139 *Ga.* 87 (2) (76 S. E. 675). The State Highway Board was a proper party under the allegations of the petition. It answered the petition without raising the question of jurisdiction. See Michie's Code, § 828(4) ; Park's Supp. 1926, § 828(yyy-1). '

■ Special ground 1 of the motion for new trial is as follows: "Because upon the trial of said case, movant contends, the court erred in the following point and particular: after evidence had been submitted by the defendants, Mallory & Nash, on plea to the jurisdiction, which evidence is more fully set out in the brief of evidence approved by the court, the court did then and there direct and instruct the jury to find a verdict against said plea to the jurisdiction, which judgment your movants insist was error for the following reasons: (a) because said judgment was contrary to the evidence adduced on said issue, and contrary to law, and for the further reason that under the evidence a verdict was demanded sustaining said plea to the jurisdiction." For the reasons given in the foregoing division of this opinion, the court did not err in instructing the jury to find a verdict against the plea to the jurisdiction.

■ Ground 2 is as follows: "Because upon the trial of said case the following material evidence, movant contends, was illegally admitted to the jury by the court over the objection of movants, to wit: Extract from meeting of mayor and council—City of Ft. Gaines, Georgia, December 29, 1925 : 'On motion, it was agreed that

the city turn over the old river bridge to Mallory & Nash, on condition that they pay the county commissioners the sum of $1100 balance the city owes the county, and said Mallory & Nash agrees to save the four steel beams in the old bridge for the city. Mr. Mallory, being present, agrees to the above and accepts the old bridge and assumes the city's indebtedness to Clay County. Ben M. Turnipseed, mayor. R. T. Foote, clerk.' Movant objected to the admission of said extract from meeting of the mayor and council of the City of Ft. Gaines, and did then and there urge the following grounds of objection thereto: (a) Because the said resolution of said mayor and council was irrelevant and immaterial. (b) Because said resolution or ordinance was of no probative value. (c) Because said resolution or ordinance was an attempt on the part of the plaintiff to bind Mallory & Nash by the passage of an ordinance by the City of Ft. Gaines, and it does not appear that Mallory & Nash obligated themselves in writing to be bound by it. (d) On the further ground that the purpose of said ordinance was an attempt by the City of Ft. Gaines to bind Mallory & Nash to pay a debt due by the City of Ft. Gaines to Clay County, without any written obligation on the part of Mallory & Nash to be bound thereby. Which objections the court then and there overruled." Even if the introduction of the ordinance in question was erroneous without some writing showing that Mallory & Nash were parties to it and accepted its terms, it was not harmful to those defendants; for the evidence in the case shows that they agreed to take the place of the City of Ft. Gaines and to pay them the sum of $1100 for the material which they received from the bridge. The contract was therefore fully performed; and even in a parol contract, where it has been fully performed on both sides, a court of equity will decree in such cases that done which ought to be done. See Civil Code (1910), § 3223 (3); *Watkins* v. *Watkins*, 24 *Ga.* 402.

■ Ground 3 is as follows: "Because the following material evidence movant contends was illegally admitted to the jury by the court over the objection of movants, to wit: J. E. Paulin, a witness for the plaintiff, was allowed to testify as follows: 'What was said by Mr. Mallory about his accepting the old bridge? A. He agreed to accept the old bridge.' Movants objected to the admission of such evidence at the time same was offered, and did then

and there urge the following grounds of objection thereto: (a) Because the witness stated a conclusion without stating the facts it is based upon, which objection the court then and there overruled." This ground is without merit. The witness was stating a fact that Mr. Mallory, of the firm of Mallory & Nash, agreed to accept the old bridge, and did accept it.

■ Ground 4 is insufficient in form to raise any question for determination by this court.

■ Ground 5 is as follows: "Because, movant contends, the court erred in refusing to give in charge the following request to charge, the same having been submitted in writing before the jury retired to consider their verdict, to wit: I charge you that if you believe under the evidence that the City of Ft. Gaines sold to Clay County an interest in the Lattice bridge to the extent of $1500, and that you find that this was reduced by a payment by the City of Ft. Gaines to $1100, and that after this the City of Ft. Gaines sold the bridge to Mallory & Nash for $1100, and that Mallory & Nash agreed with the City of Ft. Gaines orally to pay the debt of the City of Ft. Gaines, but made no written agreement with Clay County to this effect, then Clay County would not be authorized to recover against Mallory & Nash." The Civil Code (1910), § 3223, provides that the statute of frauds does not extend to cases "where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." Under the evidence the above request to charge was not pertinent, and the court did not err in refusing it.

■ Ground 6 is as follows: "Because movant contends the court erred in refusing to give in charge the following request to charge, the same having been submitted in writing before the jury retired to consider their verdict, to wit: Any promise by Mallory & Nash to pay any debt already owed by the City of Ft. Gaines to Clay County would have to be in writing and signed by Mallory & Nash, in order to make Mallory & Nash liable. Any such promise would have to be made to Clay County before Clay County would have the right to sue Mallory & Nash on such debt." What has just been said as to ground 5 of the motion applies also to this ground, and the assignment of error is without merit.

■ Ground 7 is as follows: "Because the court erred in charging the jury as follows: 'I charge you, however, if you find

under all the facts and circumstances of the case, under all the evidence in the case, that the City of Ft. Gaines was indebted to the County of Clay in the sum named, that it pledged to Clay County the materials in the old bridge, which it asserts belonged to the City of Ft. Gaines, and agreed that the material should be sold and the purchase-money thereof was to be paid to Clay County, and that if you find further under all the facts and circumstances of the case that the City of Ft. Gaines did sell to Mallory & Nash the material in the old bridge for the sum of eleven hundred dollars, and that Mallory & Nash through their authorized representative agreed to that, that the trade was made, that it was then and there reduced to writing by an ordinance regularly passed by the mayor and city council of Ft. Gaines, Georgia, and that Mallory & Nash through their authorized representative was present and agreed to that, and thereafter Mallory & Nash took possession of the old bridge, exercising dominion and control over it, that the City of Ft. Gaines turned the old bridge over to them, and that the contract on the part of the City of Ft. Gaines was carried out with Mallory & Nash, and that Mallory & Nash went in possession of the old bridge, agreeing to pay Clay County $1100, if you find that to be true, you should find for the plaintiff in the case the amount due.' Movant contends that the foregoing charge was error for the following reasons: (a) Because said charge was inapplicable to the issue in said case. (b) Because said charge was erroneous and was not a true statement of the law adjusted to the facts. (c) Because said charge was erroneous in that it instructed the jury that if the City of Ft. Gaines had sold said bridge to Mallory & Nash, that Mallory & Nash would be liable to Clay County for the sum of $1100, and could be held liable by an ordinance adopted by the City of Ft. Gaines in the presence of a member of the firm of Mallory & Nash, without any written agreement on the part of Mallory & Nash to be bound to Clay County. (d) Because said charge was erroneous in that, while it might be a correct statement of the law if the City of Ft. Gaines had been the plaintiff, it was an entirely erroneous statement of the law in this case in which Clay County was plaintiff." This charge was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*