BOND *v.* HARRISON, executor, *et al.*

RUSSELL, C. J. 1. The testimony of a party that he or she signed a note or security deed as surety is not subject to the objection that it is a conclusion of the witness. "Statement of a maker, as to whether he signed a note as surety, is not a conclusion." Campton *v.* Smith, 120 Ala. 233 (25 So. 300). See also *Georgia R. &c. Co.* v. *Eskew,* 86 *Ga.* 641, 646 (2) (12 S. E. 1061, 22 Am. St. R. 490) ; *Smith* v. *Satilla Pecan Orchard Co.,* 152 *Ga.* 538, 544 (110 S. E. 303) ; *Mashburn* v. *Dannenberg Co.,* 117 *Ga.* 567 (44 S. E. 97). The court erred in excluding the testimony referred to.

2. Under the evidence which was admitted, and that which was improperly excluded, there was a sharp issue of fact as to whether the wife signed the note and security deed involved in this case as surety for her husband, and this issue should have been submitted to the determination of the jury. The court erred in directing the verdict.

3. Since it appears from the record that the note sued on in this case was a joint obligation, not several nor joint and several, and under such facts a verdict against the husband alone would operate to discharge the wife as a joint maker, the judgment against the husband could not be set up as a lien against the wife's property, and a finding whereby a lien was established against the wife's property under the verdict against the husband was unauthorized.

4. The court erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur.*

No. 9833. SEPTEMBER 19, 1934.

*Brown & Brown* and *J. Wightman Bowden,* for plaintiff.

*Haas, Gambrell & Gardner* and *Tye, Thomson & Tye,* for defendants.