HARRISON *et al.*, executors, *v.* BOND *et al.; et vice versa.*

Nos. 10920, 10938. MARCH 26, 1936. REHEARING DENIED MARCH 31, 1936.

*Colquitt, Parker, Troutman & Arkwright, Haas, Gambrell & Gardner,* and *Tye, Thomson & Tye,* for plaintiffs in error.

*Brown & Brown* and *J. Wightman Bowden,* contra.

BECK, Presiding Justice. Mrs. Constance W. Bond filed in the superior court a petition alleging that about January 17, 1927, she signed a note with George Harwell Bond, her husband, for $10,000, payable to Charles C. Harrison, due January 17, 1932, and which bore semi-annual interest at the rate of 6½ per cent. per annum, and to secure payment thereof she and her husband executed to Harrison a deed conveying certain real estate in Fulton County; that on December 8, 1931, George L. Harrison et al., residents of Pennsylvania, as executors of Charles C. Harrison, brought suit in the city court of Atlanta against petitioner and her husband on the principal note and the balance due on one interest note, to which suit petitioner filed a plea alleging that she was induced by her husband and the agents of Charles C. Harrison to execute said note and deed as security for her husband, who really borrowed the money; that said transaction was nothing more than an assumption of her husband's debt, and was void and not enforceable against her; that the defendants, purporting to be executors of Charles C. Harrison, began advertising the realty for sale under the power contained in said deed, and on January 5,

1932, sold the realty and were preparing to execute a deed to themselves as executors, and to have proceedings issued to dispossess petitioner; that the property described was conveyed to her by her husband by deed dated March 23, 1923, recorded March 28, 1923, and she has been ever since in possession of it as her home; that Harrison and his agents, Haas & Howell, well knew that said loan was for the use of her husband, for they retained $6806.25 out of said loan and paid that amount on a prior debt of her husband to the Provident Mutual Life Insurance Company, turning over the balance of said loan, after deducting cost of obtaining it, to her husband to be used in his business; and that, the city court of Atlanta not being able to grant affirmative equitable relief, it would be better to have said suit transferred to the superior court, so that all the matters in controversy can be adjudicated in one suit. She prayed that the defendants be restrained from proceeding further under the deed executed by them under the power of sale; that both deeds be canceled as a cloud on her title; that the city-court suit be consolidated with the equitable suit; and for general relief.

The defendants filed a general demurrer to this petition, which was overruled. On further hearing the court passed an order requiring the plaintiff and her husband to vacate the premises before a date named, and, on their failure to do so, that the sheriff remove them and all their belongings; and that the defendants or their agents be placed in possession of the premises. On writ of error the Supreme Court held that the order referred to was mandatory and not injunctive, and was therefore unauthorized; and that such order could not be granted on interlocutory hearing. This court further held that the suit pending in the city court should be consolidated with the equitable petition. Afterward the plaintiff filed an amendment to her petition, and the defendants filed an amendment to their answer. At the conclusion of the trial the court directed the jury to find that the security deed given by the plaintiff to Harrison was valid, and that the defendants were entitled to foreclose it as an equitable mortgage; and the court's decree followed this verdict. On writ of error the judgment was again reversed, because the court erred in excluding certain evidence, and in directing the verdict, the Supreme Court holding that "there was a sharp issue of fact as to whether the

wife signed the note and security deed involved in this case as surety for her husband, and this issue should have been submitted to the determination of the jury." On the last trial after further amendments of the petition and the answer, evidence was introduced and the case was submitted to a jury, who returned a verdict finding in favor of the plaintiff and against the defendants, and that the original loan deed and the deed executed under power of attorney were void and should be canceled. A motion for a new trial was overruled and the Harrisons excepted.

The plaintiff filed a cross-bill of exceptions assigning error on the ruling allowing the defendants to amend their plea and answer, to which ruling exceptions pendente lite had been filed.

■ Under the pleadings and the evidence the controlling question was whether the petitioner in the equitable suit, who made application for the loan and executed the note and the deed to secure its payment, was doing this merely as security for her husband, who had in fact obtained the loan for himself, and whether the lender had notice of this fact, or whether Haas & Howell, acting as agents for the lender according to the allegations of the petition, had notice of it. Both the plaintiff and her husband signed the application for the loan to the wife, and made Haas & Howell her agents, it being expressly stated in the application: "I, Mrs. Constance W. Bond, hereby appoint Haas & Howell as my agent to obtain a loan as follows," etc. In view of this application and its unambiguous terms, Haas & Howell were the agents of Mrs. Constance W. Bond, the petitioner, and the burden was upon her to show by evidence that they were the agents of the lender of the money when the loan was obtained. This burden she entirely failed to carry. The failure to carry this burden rendered erroneous the charge of the court to the jury, as complained of in the fifth and sixth grounds of the motion for new trial, and portions of other special grounds, and requires a reversal of the judgment in favor of the plaintiff. The foregoing rules on the controlling and essential questions in this case.

■ In the cross-bill of exceptions error is assigned upon the ruling allowing the defendants to amend their plea and answer by withdrawing and striking a previous amendment which had been allowed, "in which these defendants prayed under certain conditions that the decree be rendered in their favor foreclosing the loan

deed involved in this case." Nor was it error to allow the defendants to amend by withdrawing and striking from the suit filed in the city court of Atlanta the prayers asking for a judgment of any kind against Mrs. Constance W. Bond, inasmuch as the suit in the city court had been consolidated with the equitable suit in the superior court.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except*

RUSSELL, Chief Justice, and BELL, Justice, dissenting. When this case was previously before this court (*Bond* v. *Harrison,* 179 *Ga.* 490, 176 S. E. 374), it was held: "Since it appears from the record that the note sued on in this case was a joint obligation, not several nor joint and several, and under such facts a verdict against the husband alone would operate to discharge the wife as a joint maker, the judgment against the husband could not be set up as a lien against the wife's property; and a finding whereby a lien was established against the wife's property under the verdict against the husband was unauthorized." Under the principle then stated, which is now the law of this case, a verdict for the plaintiff was demanded, and errors in the trial, in the charge of the court or otherwise, are immaterial. The judgment in the instant case should be affirmed.