BOND *v.* HARRISON, executor, *et al.; et vice versa.*

Nos. 11805, 11806. November 30, 1937. Rehearing denied December 15, 1937.

*Brown & Brown* and *J. Wightman Bowden,* for plaintiff.

*Haas, Gambrell & Gardner, Colquitt, MacDougald, Troutman & Arkwright,* and *Tye, Thomson & Tye,* for defendants.

Atkinson, Presiding Justice. The history and the character of this case are indicated by the statements of fact and the opinions when it was formerly before this court. *Bond* v. *Harrison,* 176 *Ga.* 568 (168 S. E. 604) ; *Bond* v. *Harrison,* 179 *Ga.* 490 (176 S. E. 374) ; *Harrison* v. *Bond,* 182 *Ga.* 247 (185 S. E. 346). In the opinion in the case last cited it was said : "Under the pleadings and the evidence the controlling question was whether the petitioner in the equitable suit, who made application for the loan and executed the note and the deed to secure its payment, was doing this merely as security for her husband, who had in fact obtained the loan for himself, and whether the lender had notice of this fact, or whether Haas & Howell, acting as agents for the lender according to the allegations of the petition, had notice of it. Both the plaintiff and her husband signed the application for the loan to the wife, and made Haas & Howell her agents, it being expressly stated in the application : ' I, Mrs. Constance W. Bond, hereby appoint Haas & Howell as my agent to obtain a loan as follows,' etc. In view of this application and its unambiguous terms, Haas & Howell were the agents of Mrs. Constance W. Bond, the petitioner, and the burden was upon her to show by evidence that they were the agents of the lender of the money when the loan was obtained. This burden she entirely failed to carry. The failure to carry this burden rendered erroneous the charge of the court to the jury, as complained of in the fifth and sixth grounds of the motion for new trial, and portions of other special grounds, and requires a reversal of the judgment in favor of the plaintiff. The foregoing rules on the controlling and essential questions in this case." The case went back for another trial in the light of the above decision; and after close of the evidence for both sides, the judge directed a verdict for the defendants. A motion

for new trial based on general and special grounds was overruled, and the plaintiffs excepted. The defendants filed a cross-bill of exceptions.

1. An essential and controlling question is whether Harrison the lender had notice of the fact that Mrs. Bond, who signed the note and security deed jointly with her husband, did so merely as security for her husband, or whether Haas & Howell were agents of Harrison, whose actual notice of the suretyship would be imputed to Harrison.

2. Testimony of the plaintiff's husband: "I told her I wanted to increase the Provident Mutual Loan, and wanted her to go to the title company and sign some papers, that she had to sign them as surety," was admissible on one phase of the case, but not on the question of notice to Harrison, and under the circumstances its exclusion was not cause for reversal.

3. A witness for the plaintiff on direct examination was asked: "How did she sign the loan deed?" The court announced: "I will exclude that." The ground of the motion for a new trial complaining of this stated that movant expected to show and the evidence was offered to show that movant signed the deed as security for her husband and to pay her husband's debt; but it is not alleged that it was stated to the court what answer the witness would give to the question. In these circumstances this ground is insufficient.

4. Another ground of the motion for a new trial complains of the rejection of certain questions propounded to movant, and her answers tending to show that she signed the note and security deed as surety for her husband. This evidence was admissible on one phase of the case, but not on the question of notice to Harrison; and in the absence of other evidence sufficient to show direct or imputed notice to Harrison of the fact of suretyship, its exclusion was not cause for a new trial.

5. The movant offered in evidence the entire record of the suit brought in the city court of Atlanta, for principal, interest, and attorney's fees on the note in question. Part of the record was the answer interposed by Mrs. Bond, in which she set up the defense that she signed as security for her husband and merely to pay his debt. After the filing of the answer the plaintiff elected to take a verdict for the amount against the husband alone. Rejection

of the offered evidence was not cause for reversal on the ground that it tended to show the note in controversy had become merged in the judgment rendered against the husband alone, and "no longer existed as a live issue in this case," which is a proceeding to subject the property of the wife.

6. The court rejected four deeds executed recently before the deed to Harrison, by different grantors, in three of which Fair Dodd, trustee, was grantee, and in one of which Edwin R. Haas, trustee, was grantee. On each of the deeds a transfer was entered: "For value received I hereby sell, assign, transfer, and convey all of my right, title, and interest in the within loan deed, as well as in the property described, to Charles C. Harrison, his heirs and assigns," each transfer bearing date a few days after the deed so transferred, and each signed either by Fair Dodd, trustee, or Edwin R. Haas, trustee. The documents were not admissible in evidence as tending to show a course of dealing between Harrison and Haas & Howell, and that Haas & Howell were merely acting as agents of Harrison.

7. The question was propounded to the husband of the movant: "Did you have any conversation with an agent of Mr. Harrison from Philadephia?" The witness answered that "a person who represented himself" as being from Philadelphia "came to me and stated that he wanted to inform me that the Harrisons had taken their business away from Haas & Howell and had turned it over to Rankin & Whitten, and therefore I should take up all matters in reference to our problem with Harrison with Whitten. He presented a card reading ' F. M. Richards, Real Estate Mortgages, 1530 Chestnut Street, Philadelphia.' He did not present any legal papers stating who he represented, only this card, and he stated he looked after the business of the Harrisons. This was after this litigation started." The court rejected the answer of the witness. The declaration of the person was not evidence of agency; and there being no other evidence that the person mentioned by the witness was agent for Harrison, the court did not err in rejecting the evidence.

8. There was no evidence to show that Harrison had direct or imputed notice of the fact that Mrs. Bond was in fact merely 'a surety for her husband on the note, or that her deed was as security for her husband's debt. In these circumstances the verdict for the

defendant was demanded, and there was no error in so directing, and in entering the decree accordingly.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*

RUSSELL, Chief Justice, and BELL and HUTCHESON, Justices, concur specially on the ground that the case upon its present appearance is controlled by the decision in *Harrison* v. *Bond, 182 Ga. 247* (supra), which is now the law of the case, even though, as indicated in the dissenting opinion then filed, it may have varied from the former law of the case as ruled in *Bond* v. *Harrison, 179 Ga. 490* (supra).