BARRON *et al. v.* CHAMBLEE.

No. 15175.   JULY 6, 1945.

594

*R. W. Smith Jr.,* and *E. C. Brannon,* for plaintiffs in error.
*Hammond Johnson,* contra.

BELL, Chief Justice. 1. The special grounds of the motion for a new trial will be referred to herein according to the numbering in the amendment to the motion.

Ground 4 alleged error in admitting over objection the following testimony of the witness Adams: Q. "Did they agree on a line?" A. "Yes sir." Q. "What line is that?" A. "The west line of the property." Q. "What line is that?" A. "Barron east line." Q. "What do you mean by that—which line is that?" A. "That is the line agreed on there, and at the steel pins put down there." The ground of objection was, that the testimony amounted to a conclusion of the witness, without any facts upon which it could be based.

Ground 5 alleged error in admitting over similar objection the following testimony of Russell Chamblee: "With reference to

that deed to my wife's lot, it went to the point agreed on by Mr. Barron and my father, and then right to that pin, 47 feet—47 feet frontage. Yes, sir, that line was agreed there between Mr. Barron and Mrs. Barron and my father that day."

Grounds 4 and 5, being of the same nature, will be considered together. We need not determine whether the testimony in either instance stated a mere conclusion. Compare *Smith* v. *Satilla Pecan &c. Stock Co.,* 152 *Ga.* 538 (2) (110 S. E. 303); *Skipper* v. *Alexander,* 172 *Ga.* 246 (3) (158 S. E. 32); *Mallory* v. *Clay County,* 173 *Ga.* 59 (4) (159 S. E. 578); *Bond* v. *Harrison,* 179 *Ga.* 490 (176 S. E. 374). Each of the witnesses later testified to specific facts sufficient to support the statement to which objection was made; and it also appears from the record that similar statements by these and other witnesses were admitted without objection. In these circumstances, grounds 4 and 5 do not show cause for reversal. *Cobb* v. *State,* 185 *Ga.* 462 (195 S. E. 758); *Hicks* v. *Hicks,* 196 *Ga.* 541 (4) (27 S. E. 2d, 7); *Central of Georgia Ry. Co.* v. *Butler Marble & Granite Co.,* 8 *Ga. App.* 1 (68 S. E. 775); *Jones* v. *Western & Atlantic R. Co.,* 23 *Ga. App.* 725 (6) (99 S. E. 388). We do not mean to imply that the conclusion of a witness as to the existence of a fact, if otherwise inadmissible, may ordinarily be bolstered and rendered admissible by a statement of the facts upon which it is based. In the instant case, the statements were objected to on the ground that they were not thus supported, and all that we rule is, that, the objection as made having been met, and similar statements having been admitted without objection, grounds 4 and 5 did not show such error, if any, as would require a new trial. Compare *O'Berry* v. *State,* 153 *Ga.* 880 (2) (113 S. E. 203); *Sims* v. *Sims,* 131 *Ga.* 262 (4) (62 S. E. 192).

The Code, § 38-1708, provides: "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor; but if the issue shall be as to the existence of a fact, the opinions of witnesses, generally, shall be inadmissible." This section plainly refers to two separate and distinct situations, and declares different rules in reference thereto: (1) Where the question under examination and to be decided by the jury shall be one of *opinion*; and (2) where the issue shall be as to the *existence of a fact*.

In the case first mentioned, any witness may testify as to his opinion or belief, giving his reasons therefor. In the second case, the opinions of witnesses are generally inadmissible, even after giving the facts or reasons therefor; it being the province of the witness merely to state facts, and the function of the jury to form the opinions or conclusions. There is an exception to the latter rule, however, where the facts and circumstances are such that a witness can not "state or recite the data so fully and accurately as to put the jury completely in the witness's place and enable them to equally well draw the inference." In such case, "it is allowable for the witness to give his inference in connection with the facts upon which it is predicated; but if the data can be placed before the jury in such a way that they may draw the inference as well as the witness, then it would be superfluous to add by way of testimony the inference which the jury may well draw for themselves." *Taylor* v. *State*, 135 *Ga.* 622 (6) (70 S. E. 237). See also *Berry* v. *State*, 10 *Ga.* 511 (16); *Keener* v. *State*, 18 *Ga.* 194 (3) (63 Am. D. 269); *Parker* v. *Chambers*, 24 *Ga.* 518 (2); *Central Railroad* v. *DeBray*, 71 *Ga.* 406 (8); *Atlantic Ice & Coal Co.* v. *Mixon*, 126 *Ga.* 457 (55 S. E. 237); *Pride* v. *State*, 133 *Ga.* 438 (66 S. E. 259); *Auld* v. *Southern Railway Co.*, 136 *Ga.* 266 (3) (71 S. E. 426); *Harris* v. *State*, 188 *Ga.* 745 (4 S. E. 2d, 651); *Metropolitan Life Ins. Co.* v. *Saul*, 189 *Ga.* 1 (2, 3) (5 S. E. 2d, 214); and other cases cited under the foregoing section in Ga. Code Ann., catchword "Jury." As to expert testimony, see the Code, § 38-1710; *Hammond* v. *State*, 156 *Ga.* 880 (2) (120 S. E. 539).

2. In ground 6, the movants complained of the following charge: "Now, I charge you that, if the deeds in this case by a preponderance of the testimony show that Mrs. Chamblee is entitled to prevail, that is, if the documentary evidence shows that the line insisted upon by Mrs. Chamblee is correct, then your findings should be for her. On the other hand, if the documentary evidence or the deeds show the line insisted on by Mrs. Barron is the correct line, then your findings should be the line insisted upon by Mrs. Barron. In the first instance, it is Mrs. Chamblee; in the second place, it is Mrs. Barron." The movants contended that this charge was erroneous and injurious, because it required the jury to decide the issue on documentary evidence or deeds

alone, and was not sound as an abstract principle of law. While, standing alone, this excerpt might have been erroneous as limiting the jury to a consideration of the documentary evidence, yet when taken in connection with the entire charge, it could not reasonably have been so understood by the jury. Immediately following the excerpt, the judge stated: "Now, gentlemen, I give you this additional rule;" and then, after giving the rule as to establishing a dividing line by seven-years' acquiescence, continued as follows: "In other words, gentlemen of the jury, should you find that, while the deeds of both Mrs. Chamblee and Mrs. Barron fix the boundary between them at a certain place, yet, gentlemen, should you find that over a period of seven years that Mrs. Barron and Mrs. Chamblee have acquiesced or agreed upon for a period of as much as seven years as a boundary line between them, even though .it may be at a different place to that fixed by the deeds, and if for a period of seven years they acquiesced in that line, why then, gentlemen of the jury, it would be your duty to find that to be the boundary line between them, even though it is not the boundary line described in their deeds." Also, in still later portions of the charge, it was made perfectly clear that the deeds were not to control, but that the issues should be determined by the other evidence, if it appeared therefrom that a line had been established either by seven-years' acquiescence, as contended by the defendant, or by executed agreement, as contended by the plaintiff. While jurors should not be left to decide between conflicts in a charge (*Kelly* v. *Locke*, 186 *Ga.* 620 (2 f), 627, 198 S. E. 754), yet, "if the charge is sufficiently clear as to be understood by jurors of ordinary capacity and understanding, this is all that is required, and such appears to us to be the case as to the charge of the court in this case." *Georgia Railroad* v. *Thomas*, 73 *Ga.* 350, 356; *Grooms* v. *Grooms*, 141 *Ga.* 478 (3), 480 (81 S. E. 210); *Turner* v. *Hardy*, 198 *Ga.* 626 (3), (32 S. E. 2d, 483).

3. In ground 7, the movants complained of a charge which contained, among others, the excerpt quoted in the preceding division as to establishing a dividing line by acquiescence. It was contended that the charge as set forth in this ground was unsound as an abstract principle of law, and also that it required the jury "to decide this issue on acquiescence of the parties, without taking into consideration acquiescence on the part of their

predecessors in title." It appeared from the evidence that Mrs. Chamblee had merely bargained for her lot at the time of the transaction claimed by her as establishing a dividing line, the legal title being at that time in her father-in-law, J. T. Chamblee, who later deeded the land to her. In these circumstances, the charge might have been error as contended by the movants, except for the fact that, in conclusion, the judge, evidently intending to correct any such possible error, charged as follows: "Gentlemen of the jury, now I charge you that, if you found that there was a line as contended for by Mrs. Barron, which had been acquiesced in for a period of as much as seven years—I may have told you between Mrs. Barron [Mrs. Chamblee?] and Mrs. Barron —I tell you now, gentlemen, that if you find there is a line out there that has been acquiesced in for a period of seven years or more by Mrs. Barron and Mrs. Chamblee or their predecessors in title for a period of seven years including the time they and their predecessors in title have been in possession, why then, I charge you that would fix the line. However, gentlemen, you may find there is a line fixed by acquiescence, but I charge you, after that, the line may be changed by a subsequent agreement in the way I charged you."

The charge complained of in ground 7 as thus finally explained was not erroneous as contended. Even though the latter charge may have contained a slip of the tongue, as indicated by brackets, it did not for that reason fail as an adequate qualification of the preceding charge. *Southern Railway Co.* v. *Merritt,* 120 *Ga.* 409 (47 S. E. 908) ; *Turner* v. *Elliott,* 127 *Ga.* 338 (4) (56 S. E. 434) ; *Harris* v. *State,* 191 *Ga.* 243 (18) (12 S. E. 2d, 64). But was this not a clerical error, in writing what the judge had said, instead of an actual misstatement of name by him?

4. In ground 8, error was assigned upon the following charge : "I charge you, that, if such agreement was made between the property owners, or if the property owners were there where other people were locating the line and marking the line, if Mrs. Barron was there and Mrs. Chamblee was there, and they agreed to or acquiesced in what was being done, why then, I charge you that they would be bound by what was being done there." It was alleged that this charge was unsound as an abstract principle of law ; also that it was unwarranted by the evidence, and was con-

fusing to the jury, "for, unless a line between two adjoining properties has at some time been established or agreed on as extending between two certain points or marked by monuments as to its variations, there has been no line ascertained or determined and there is nothing to acquiesce in, and said charge instructed the jury that a line could be established otherwise than by actual agreement as to where the line should be between the properties, and that acquiescing in a line in the minds of the parties without concrete evidence of its actual location did establish the line."

If it be true, as the evidence tended to show, that both ends of a straight line were marked by driving pins or stakes into the ground, this was sufficient, so far as the mere matter of designation was concerned. "If the corners are established, and the lines are not marked, a straight line, as required by the plat, shall be run." Code, § 85-1601. In the brief touching this ground, it is insisted that the words, "acquiesced in," as used in this charge would permit mere strangers to meet the landowners on their property and proceed to set up a line of their own choice and bind the property owners if they acquiesced in it, without saying a word; and that nowhere did the court tell the jury what acquiescence was or what constituted acquiescence under such circumstances, and the chargé was therefore unsound as an abstract principle of law, and was confusing and misleading.

There was evidence to the effect that Mr. Barron was acting for his wife, in her presence; that she understood all that was being done, and interposed no objection. Compare *Guthrie* v. *Gaskins,* 171 *Ga.* 303 (3), 305 (155 S. E. 185). The evidence also authorized a finding that the dividing line was unascertained at the time of the alleged agreement. In *Tietjen* v. *Dobson,* 170 *Ga.* 123 (4) (152 S. E. 222, 69 A. L. R. 1408), it was held: "An unascertained or disputed boundary line between coterminous proprietors may be established by oral agreement, if the agreement be accompanied by actual possession to the line, or is otherwise duly executed. In such instances the agreement may be executed by the erection of physical monuments upon the agreed line, or by the marking or trees plainly indicating the line, where such erection of monuments or marking of trees is done with the knowledge and mutual assent of the respective proprietors."

The relation of principal and agent may exist between a husband

and wife as to such matter. See *Hutcheson* v. *May,* 40 *Ga. App.* 746 (151 S. E. 657). "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." Code, § 4-101. "The principal shall be bound by all the acts of his agent within the scope of his authority; if the agent shall exceed his authority, the principal may not ratify in part and repudiate in part; he shall adopt either the whole or none." § 4-302. "A ratification by the principal shall relate back to the act ratified, and shall take effect as if originally authorized. A ratification may be express, or implied from the acts or silence of the principal. A ratification once made may not be revoked." § 4-303.

Construed in the light of the issues presented, and of the entire charge, the excerpt complained of was not erroneous for any reason urged.

5. In ground 9, error was assigned upon the following charge: "I charge you, if you find Mrs. Chamblee or Mrs. Barron was there and statements were being made in their presence which they heard and which it was their duty to deny if they were not true, why then, gentlemen of the jury, I charge you that their silence would be binding upon them."

Besides the general insistence that this excerpt was an incorrect statement of law, it was alleged to be erroneous because the judge nowhere cautioned the jury that they must be satisfied that Mrs. Chamblee and Mrs. Barron were under no constraint whatever by the presence of their husbands, but were perfectly free to assent or dissent as they desired.

In *Sindall* v. *Jones,* 57 *Ga.* 86, it was stated that the jury were "properly cautioned," but it was not held that failure of the court so to caution them would have been erroneous. There is no merit in this ground.

6. In ground 10, error was assigned upon the following charge: "If you find that to be the truth—that that agreement was made out and between these parties or between other parties acting for them in their presence, and that agreement was executed by putting monuments up, or any other way I have called your attention to, and you believe that to be the truth of this situation by a preponderance of the testimony, why then, your finding should be for the

plaintiff." It was contended that such charge was erroneous because of the phrase, "or any other way I have called your attention to," it being alleged that the court had, immediately before giving this excerpt, stated that, if the property owners were there when other people were locating the line and acquiesced in what was being done, they would be bound by what was being done, which was "the equivalent of charging" that either the plaintiff or the defendant would be bound by the "statement" of anyone made in her presence. The movants are in error in asserting that the immediately preceding charge was the "equivalent" of what they here state. The previous charge was to the effect that, if the line was unascertained or uncertain, and the parties agreed upon a line, and that agreement was executed by described *acts*, such as taking possession up to the agreed line or by marking it with monuments, or by putting up stakes or posts, or anything that would indicate exactly the agreement that had been made, "why then . . even if they did that by parol agreement, they would be bound by that line as the dividing line between their property." We see, therefore, that the phrase, "any other way," referred to acts in execution of the claimed agreement, and not to mere statements in reaching it. Accordingly, there is no merit in ground 10. See, in this connection, *Bradley* v. *Shelton,* 189 *Ga.* 696 (4 c) (7 S. E. 2d, 261); *Robertson* v. *Abernathy,* 192 *Ga.* 694, 697 (3) (16 S. E. 2d, 584); *Farr* v. *Woolfolk,* 118 *Ga.* 277 (2) (45 S. E. 230).

7. In ground 11, complaint is made of the following charge: "If you do not believe there has been any agreement as to the line, you do not believe any line has been acquiesced in by the parties for a period of seven years, then, I charge you, it would be your duty to take the deeds of the respective parties and undertake to find out from the deeds where the boundary line is, and undertake to find that under the rules I have given you." It is contended that this charge was an incorrect statement of the law, and also that it confined the jury to the narrow and exclusive issue of acquiescence by the parties, and therefore was harmful, hurtful, and prejudicial to the movants. In view of what has been stated in division 3, supra, there was no merit in this ground.

8. In ground 12, it was contended that the court erred in failing, without request, to charge the jury on the issue of title by prescription by actual adverse possession for the period of

twenty years. The suit was filed in May, 1938. The oral and documentary evidence showed that Mrs. Barron purchased her lot in 1924. Judge Wheeler testified that he was familiar with both lots, and that the entire tract was at one time owned by the same party, and was not subdivided until less than twenty years before the suit was filed. His testimony upon this point was consistent with the deeds that were introduced, and was in no way disputed. So, the defendant had nothing except her own possession upon which to base title by prescription, and she had not held possession for the period of twenty years at the time the suit was brought. Accordingly, there was no issue as to prescriptive title by adverse possession for such period.

The evidence authorized the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*