## GREEN *v.* WILLINGHAM & COMPANY.

1. The action being against an alleged partnership which the declaration averred was composed of two named persons, and there being a sworn plea of no partnership, an instruction to the jury based upon the hypothesis that such a partnership existed, was, in the absence of any evidence to establish this fact, and in the face of positive and undisputed evidence to the contrary, unwarranted, and therefore erroneous.
2. It was also erroneous to charge upon the hypothesis that one of these persons had held the other out to the world as his partner, when there was no evidence that this had ever been done.
3. The action and the evidence being as stated, it was error to pass an order reciting that a third person had been a member of the partnership sued, that this person had died; and directing that the action proceed against the two persons originally sued, as surviving partners.

Argued January 13,—Decided February 22, 1897.

Complaint on account. Before Judge Berry. City court of Atlanta. May term, 1896.

*Simmons & Corrigan*, for plaintiff in error.
*Goodwin & Westmoreland* and *C. Z. Blalock*, contra.

COBB, Justice.

A. P. Stewart as receiver of Willingham & Company brought suit against "Burch & Green, a firm in the building business, composed of W. R. Burch and A. F. Green," upon an account for lumber and material. Pending the suit, an order was taken striking the name of Stewart as receiver, and the case proceeded in the name of Willingham & Company as plaintiffs. The defendant A. F. Green pleaded, that there was no such partnership as Burch & Green, composed of W. R. Burch and A. F. Green, but that there was a partnership known as Burch & Green, composed of Mrs. Jennie O. Burch, the wife of W. R. Burch, and A. F. Green. The evidence failed to establish any partnership between W. R. Burch and A. F. Green, but there was evidence that the wife of W. R. Burch and A. F. Green were partners. During the progress of the case it appeared that Mrs. Burch was dead, and upon motion of plaintiff, over objection of defendant A. F. Green, the following order was passed: "It appearing to the court on the trial of this case that Mrs. Jennie O. Burch was a member of the firm of Burch & Green, and that she has departed this life, it is on motion of plaintiff's counsel ordered that said case proceed against W. R. Burch and A. F. Green as surviving partners of the firm of Burch & Green." The plaintiff obtained a verdict against W. R. Burch and A. F. Green as surviving partners of the firm of Burch & Green. The suit was brought against one partnership; the verdict was rendered against the surviving partners of another partnership; while the only evidence in the case related to a third partnership. It is true that A. F. Green, the defendant, appears to be a member of all three of the "partnerships"; that is,

the alleged partnership in the original declaration; the alleged partnership in the order above recited; and the partnership created by the contract which was introduced in evidence. "Though a firm, or partnership, is not a person, it is a legal entity, and for some purposes is recognized as a quasi person having powers and functions exercisable by one of the partners severally, or all of them jointly." *Drucker* v. *Wellhouse*, 82 *Ga.* 129. The partnership referred to in the order above recited was, therefore, such a different person in law from the person referred to in the petition, that the order, in effect, added a new and distinct party to the case, which was unauthorized by law. Civil Code, §5099. As the evidence entirely failed to establish a partnership between W. R. Burch and A. F. Green, an instruction to the jury based on the hypothesis that such a partnership existed as was alleged in the petition, was erroneous. As the relation of W. R. Burch to the firm composed of Mrs. Burch and A. F. Green was distinctly fixed and established by the partnership contract; and as there was no evidence that W. R. Burch, with the knowledge of A. F. Green, exercised any authority, except as agent for his wife, which was consistent with the contract of partnership, it was erroneous to charge the jury upon the hypothesis that Green had held out W. R. Burch as his partner. While the charge complained of may have been sound as an abstract proposition of law, it was inapplicable to the case as made by the evidence. There being no evidence whatever in the record to show that any such partnership as that against which the verdict was rendered ever existed, the court erred in not setting it aside, and in refusing to grant a new trial.

*Judgment reversed. All the Justices concurring.*