## SUSONG *v.* McKENNA.

1. Where goods were sold for cash, to be paid for on delivery, the prepayment of the price being a condition precedent of the sale, the mere fact that the buyer obtained possession did not operate to pass the title to him, and notwithstanding such possession the title remained in the seller, the purchase-price not having been paid.
2. Where the buyer knew that the seller intended to sell for cash only and possession was obtained for this reason alone, the buyer can not refuse to pay the price and retain the goods upon the ground that he is entitled thereto upon a prior agreement with the agent of the seller, when such agreement was not disclosed to the seller at the time possession was obtained, and in no way assented to by him.
3. The charge of the judge failed to give the defendant the benefit of a theory of the defense which was sustained by the evidence introduced in his behalf, and a new trial should have been granted.

Submitted June 11,—Decided August 9, 1906.

Trover.    Before Judge Norwood.    City court of Savannah. January 6, 1906.

*Adams & Adams* and *D. H. Clark,* for plaintiff in error, cited,

on agency and ratification: Civil Code, § 3023; 114 *Ga.* 624, 681; 97 *Ga.* 586; 40 *Ga.* 466; 16 *Ga.* 424; 7 Johns. 390; 81 Am. D. 795; 88 Ib. 445; 105 U. S. 360; Mech. Ag. § 352.

*Osborne & Lawrence* and *Edmund H. Abrahams,* contra, cited 119 *Ga.* 124; 114 *Ga.* 341; 110 *Ga.* 382; 67 *Ga.* 595; 60 *Ga.* 78; 34 *Ga.* 305; Civil Code, §§ 3023, 3027; 1 Am. & Eng. Enc. L. (2d ed.) 997, 1013, 1149.

COBB, P. J. Susong was a horse trader and proprietor of a sales stable. Barrett was a blacksmith and horseshoer, having a place of business adjoining the stable of Susong. McKenna was a plumber. Susong went to Kentucky to buy stock, and requested Barrett to take a general supervision of his stable and business in his absence. While Susong was absent McKenna went to Susong's stable for the purpose of purchasing a mule. A negro in charge of the stable directed McKenna to Barrett. Barrett, upon being asked if he was in charge of the stable, replied that he was. McKenna said that his purpose was to buy a mule. Barrett told him there was only one mule in the pen, but there were horses. McKenna went with Barrett to look at the mule. As to what transpired subsequently there is a disagreement between Barrett and McKenna. McKenna contended that he said that the mule was too small for his purposes, and that he entered into an agreement with Barrett that he would take the mule at $140, and when Susong returned with a car-load of mules McKenna was to have the privilege of selecting any mule from the lot, and returning the small mule, paying whatever difference there was in the price between $140, the value placed upon the small mule, and the price of the mule thereafter to be selected. Barrett claims that he had no authority except to sell the mule for cash, the price placed upon the mule by Susong before he left being $150; that he assumed the authority to sell it at $140; and that he made the sale for this sum and delivered the mule and collected the money from McKenna several days thereafter. When Susong returned, McKenna sent Magrath, his bookkeeper, to Susong's stable to select a mule. Neither Magrath nor McKenna communicated to Susong the agreement that had been made with Barrett. A large mule was selected, which Susong priced at $165. This mule was sent to McKenna's place of business. McKenna then sent the small mule and $25 to Susong in payment for the large mule. Susong refused to ac-

cept these terms, insisting that the contract was for a cash sale, and repudiated the agreement made by Barrett, denying that Barrett had any authority to make such a contract. Susong took out a possessory warrant against McKenna and recovered possession of the large mule. Subsequently the small mule was returned to McKenna and died in his possession. Susong demanded that McKenna pay for the feed of the small mule while he remained at his stable, and McKenna paid the amount demanded. Before the small mule died, and while the same was still in possession of McKenna, he brought an action of trover against Susong to recover the large mule. Upon the trial of this case the jury found a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled, and he excepted.

The instructions of the judge related mainly to the law of agency. He charged the jury, in substance, that if Barrett was authorized by Susong to make the trade with McKenna, Susong would be bound; but if Barrett was not authorized to make this trade, and in doing so exceeded whatever authority Susong had conferred upon him, Susong could not repudiate the trade unless he tendered back to McKenna the $140 which McKenna had paid to Susong. When the large mule was sent to McKenna and the price of $165 agreed upon, McKenna did not disclose to Susong the arrangement he claimed to have made with Barrett, and his testimony would bear the interpretation that he intended to get possession of the mule before the disclosure of his claim as to the trade he had made with Barrett. Even if it be conceded that McKenna had made the arrangement with Barrett which he claimed, this would not operate to pass the title to the large mule, if at the time it was delivered to McKenna Susong intended that the delivery would be upon a cash sale at the price of $165, and McKenna knew that such was the intention of Susong. There is nothing in the evidence which would authorize a finding that Susong intended to deliver the mule in accordance with the arrangement claimed to have been made with Barrett. The evidence authorized, even if it did not demand, a finding that when the mule was delivered to Barrett it was delivered upon a cash sale. Such being the case, if McKenna refused to pay the cash the sale was incomplete, and Susong had the right to recover his property. *Wilson* v. *Comer,* 125 *Ga.* 500. The judge was requested to instruct the jury in

reference to this theory of the case. The instruction was not. given, and there is nothing in the charge of the court which gives. to the defendant the benefit of this theory.

It is claimed that the failure of McKenna to certiorari the possessory-warrant case and his taking possession of the small mule and payment of the feed bill operated as. an estoppel to prevent. him from thereafter claiming title to the large mule. We are not prepared to hold that these facts would operate as an estoppel, as it. does not appear that Susong has done any act on the faith of Mc-- Kenna's conduct, or that his position is at all changed as a result. of such conduct. These are circumstances to be considered in determining the question as to whether there was in fact a sale of the large mule as a result of the arrangement with Barrett. As. the charge of the judge did not give the defendant the benefit of the theory of his defense above referred to, a new trial should have been granted.

*Judgment reversed. All the Justices concur, except Fish, C. J.,. absent.*