BORUM *et al.* v. DEESE *et al.*

No. 14587. JULY 7, 1943.

*Smith, Smith & Bloodworth,* for plaintiffs in error.

*A. G. Smith,* contra.

REID, Chief Justice. Charlie Borum, who died in 1929, by his will devised certain property to his wife for her life, with remainder over at her death to his three named children and his stepson, they to share in same equally. The present proceeding was brought

in behalf of two of these remaindermen against the other two, one of the defendants being the stepson, who was named as executor of the will. The plaintiffs alleged, that after the death of the life-tenant the four remaindermen upon the termination of the life-estate entered possession of the property which consisted of a city lot on which was located a residence; that they agreed among them-selves at the time to occupy the residence as a home, and to equally share in the protection and upkeep of the property, paying taxes, insurance, repairs, improvements, etc., and in addition that they should jointly share in their living expenses, including food and necessities of life with the exception of clothing; that this arrange-ment had continued for some years; that one of the plaintiffs con-tributed about $1200 more than other remaindermen toward these purposes; and that the defendants were insolvent, and refused to reimburse this plaintiff or to make further contributions toward the maintenance and upkeep of the property. It was contended that a receiver should be appointed for the purpose of bringing the prop-erty to sale so as to reimburse the plaintiff and to make adjustment of accounts between the parties as to their respective interests and liabilities; it being made also to appear that one of the parties plaintiff who sues through the other as guardian was an incompe-tent. The petition with the will attached showed that it provided no express authority for the executor to sell the property involved, and that the executor refused to consent to its sale. By the amend-ment of the petition, reference to necessity for the appointment of a receiver was eliminated, and it was asked that the property "be partitioned," and that since, due to the improvements, the property could not be partitioned in kind, it be sold and the proceeds so distributed as to adjust the rights of the parties. The two defend-ants filed a general demurrer, and contended that the petition set forth no cause of action, because it appeared, at the time of its filing, "that there was then an existing, executory, undissolved partnership between the plaintiffs and the defendants; such part-nership including the ownership, occupation, use and enjoyment then existing and continuing, of the residence and property de-scribed in plaintiff's petition, by the parties to this suit." The de-murrer urged that until the dissolution of this partnership the plaintiffs were barred from proceeding. In further demurrers many recitals are contained; but, in addition to elaborations of the

contention with reference to the partnership, it contained only the further ground that the amendment added and sought to engraft on the petition a new, separate, and distinct cause of action. The exceptions are to an order overruling these demurrers.

■ A more intelligible treatment of this case as made from the foregoing statement would seem to result by dealing with it on its merits from the outset, rather than undertaking to deal seriatim with elaborate arguments and contentions as presented to us. In this way all questions made will be ruled upon and some repetition may be avoided. While the plaintiffs did not call their original petition a partition proceeding, and while in it they asked for appointment of a receiver to make the sale which was sought, it nevertheless bore all the elements of an equitable partition proceeding. It alleged the common ownership of a city lot of land on which was located a residence incapable of division in kind. It alleged a desire upon the part of the plaintiffs to terminate the common ownership by a sale of the house and lot, and stated that cotenants had not equally borne the taxes, upkeep, insurance, repairs, etc., and therefore that an adjustment of accounts out of the proceeds of sale should be made. The Code, § 85-1501, provides: "Equity has jurisdiction in cases of partition, whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just." Sections 85-1504 et seq. show when and how partition proceedings may be had. In *Griffin* v. *Griffin,* 153 *Ga.* 547 (113 S. E. 161), it was held: "Where a tenant in common applies to the superior court to have certain land so held partitioned and to have an accounting between the tenants in common under § 5358 of the Civil Code of 1910 [§ 85-1504], such a proceeding is in the nature of a proceeding in equity in which the court has all the power and jurisdiction for hearing and determining the various matters in dispute between the parties, including their respective titles to the land; to have an accounting for rents and profits, awarding partition, etc." In the opinion it was shown that in *Griffin* v. *Griffin,* 33 *Ga.* 107, it had been held: "The proceedings, under that act [1767] for partition of lands, are in the nature of a proceeding at equity, in which the court has all the power and jurisdiction for hearing and determining the various matters in dispute between the parties, in respect to their respective titles, and awarding a partition, according as he shall find the

parties entitled, as fully and completely as if it were a bill in chancery for that purpose. If there be a dispute as to the facts, as there is likely to be in a case like this, the court can direct an issue to be made up, and at once tried by a jury." It was further pointed out that this ruling had been made even before our uniform procedure act of 1887 (Code § 37-901). These authorities are cited to show the general nature of partition proceedings, whether at law or in equity, and to establish that which we think seems clear when the pleadings are examined, i. e., all the plaintiffs sought in the first instance was the partition by a sale of the premises jointly .owned by the four remaindermen, and an adjustment of accounts out of the proceeds. It follows that the amendment striking the prayers for receivership, and asking that the jointly owned premises "be partitioner," added and set up no new and distinct cause of action.

The assent of the executor to the legacy under which all of the parties are remaindermen is conceded by the plaintiffs in error; and thus the plaintiffs and the defendants are to be treated as common owners of land would ordinarily be. See *Watkins* v. *Gilmore, 121 Ga.* 488 (49 S. E. 598) ; *Akin* v. *Akin, 78 Ga.* 24 (1 S. E. 267).

Where the court has jurisdiction in such a case, it might, in decreeing partition, make necessary and equitable adjustments for improvements and expenditures made and paid for by the respective parties. *Smith* v. *Smith, 133 Ga.* 170 (10) (65 S. E. 414). "Where, in pursuance of an agreement between several tenants in common, two of them enter upon the land and make expenditures of money in improvements thereon in excess of the amount received in rents, they are entitled, upon a partition of the land, to an accounting from their cotenants, and to be reimbursed the amount properly found to be due them." *Turnbull* v. *Foster, 116 Ga.* 765 (43 S. E. 42) . See *Gibson* v. *Gibson, 180 Ga.* 457 (179 S. E. 354). The foregoing authorities show that the plaintiffs stated a cause of action for equitable partition, unless the defendant's contention that the existence of an alleged partnership would bar the plaintiffs from so proceeding should be sustained. This contention as made by the demurrer will now be examined. With reference to partnership our Code, § 75-101, declares: "A partnership may be created either by written or parol contract, or it may arise from a joint ownership, use, and enjoyment of the profits of undivided

property, real or personal." The theory urged by the plaintiffs in error is that since the four remaindermen who were cotenants of the premises agreed to occupy them jointly and to maintain a home thereon, the expenses of which were to be equally shared by them, the relation thus created constituted such a partnership as must be first dissolved as provided by the Code, § 75-106, which is that where there is a partnership at will, it "may be dissolved at any time by any partner on his giving three-months notice to his partners." In addition to what has been quoted from our Code on the subject, many definitions may be found as to what constitutes a partnership in the ordinary sense in which that term is used. We are not here involved with such inquiries as have often grown out of dealings between members of alleged partnerships and others. Our inquiry relates merely to the relationship between the alleged partners, i. e., the cotenants, who jointly owned the premises, no interest of third persons being involved, as was the case in *Butler* v. *Frank,* 7 *Ga. App.* 655 (67 S. E. 884), where Judge Powell pointed out from decisions of this court, and from other sources, various instances where a partnership relation would be declared. To constitute a partnership as between members there must ordinarily be more than mere common ownership or interest. So it is found that the term is used with reference to some business enterprise, or the joint pursuit of some objective, profit at least having some connection with it. This is not to be understood as an exact or embracing definition of a partnership, or even as a definition at all; but it is intended merely to point out what we generally have in mind when a partnership is referred to. Definitions may be found in 31 Words and Phrases as indexed on page 166, where it is pointed out at page 217 that "Partnership is the relation which subsists between persons carrying on a business in common with a view of profit. It is necessary to note the significance of the words 'carrying on a business,' which implies a relation entirely different from the enforced relation of tenants in common, as the owners of a ship or of a house, who must either let the property lie idle or keep it in some way occupied or used, deriving a return from such occupation or use." It is further said (p. 189) that a partnership is a legal entity distinct from its members. Many cases are there cited to support this view. Our own court has held, in *Drucker* v. *Wellhouse,* 82 *Ga.* 129 (8 S. E. 40, 2 L. R. A. 328),

that "Though a firm or partnership is not a person, it is a legal entity, and for some purposes is recognized as a quasi person having powers and functions exercisable by one of the partners severally or all of them jointly." *Page* v. *Citizens Banking Co.*, 111 *Ga.* 73, 82 (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144); *Green* v. *Willingham*, 100 *Ga.* 224, 226 (28 S. E. 42). Likewise the distinction between the relation of cotenancy and that of partnership has been pointed out in 40 Am. Jur. 129, § 5, in the following language: "While partnership property has many characteristics of an estate in common and of joint tenancy or cotenancy, the interest of the partners therein is neither that of joint tenants, tenants in common, nor cotenants. Their interest in the firm property is sui generis. Each is possessed of a joint interest in the whole, but does not own any separate part, and each has an undivided interest in the property of the partnership only after the debts are paid. A mere tenancy in common does not create a partnership, and a partnership will not be implied from the joint ownership or joint purchase of land, even when accompanied by an agreement to share the profits and losses of selling it; yet tenants in common may become partners, like other persons, where they agree to assume that relation towards each other." It will be noted that the language of our Code on the subject speaks of a partnership which may arise "from a joint ownership, use, and enjoyment of the profits of undivided property." In the present case, that these joint owners agreed to be equally responsible for taxes and upkeep of the property added nothing to the relation which already obtained between them, they being joint owners in equal parts. The only additional undertaking on their part as between themselves, appearing from the plaintiffs' petition, was that they would share living expenses. This, it seems to us, to be purely incidental to the other relation, and had no connection with the ownership of the land itself, and as such constituted no burden upon the land. Certainly no profit was contemplated by any agreement or facts which appear. The foregoing has been stated without reference to the question as to whether or not, if elements of a partnership appeared, the one here claimed would be valid as being sufficiently definite as to time. See *Jennings* v. *Jennings*, 173 *Ga.* 428, 433 (160 S. E. 405).

Thus we conclude that from the allegations, tested by a demurrer, no partnership relation other than mere joint ownership of property

appears to obtain between the two plaintiffs and the two defendants who were the cotenants of the premises it was sought to partition. No ruling is made upon the question whether or not, if a valid partnership had been shown, a partition of the jointly owned property would on that account be prevented.

*Judgment affirmed. All the Justices concur.*