31882.   HARPER *v.* HALL.

442

DECIDED FEBRUARY 4, 1948.

*Roberts & Roberts*, for plaintiff in error.

*E. W. Maynard, J. B. Jackson, Carlton Mobley, Jere Field*, contra.

TOWNSEND, J. (After stating the foregoing facts.)

■ Since the evidence amply authorizes the verdict, the general grounds of the motion for new trial are without merit, and the first headnote requires no further amplification.

■ ■ Special grounds 4, 5, and 6 of the amended motion for new trial state the contentions of the defendant, that certain excerpts taken from the charge were unauthorized by the evidence, and that the giving of the same in charge was harmful to the defendant and error. The jury was authorized by the evidence to draw the inference from the sworn testimony that the truck was not equipped with sufficiently efficient and serviceable brakes, taking into consideration the close proximity of the plaintiff's car to the truck which the defendant was operating, the extent of the down-grade and the weight of his truck and load, all of said facts being within the knowledge of the defendant.

Section 68-302 of the Code provides that every motor vehicle while in use or operation upon the streets or highways shall be equipped with efficient and serviceable brakes. A violation of this section is negligence per se. *Railway Express Agency* v. *Standridge*, 68 *Ga. App.* 836, 840 (6) (24 S. E. 2d, 504). The jury was also authorized to draw the inference from the sworn testimony that the defendant was driving his truck down a steep hill at a time when said truck was heavily loaded and at a rate of speed, the combination of which rendered it impossible to stop in time to avoid striking the plaintiff's car; also that the bridge in question was a very narrow bridge, that is, more narrow than modern bridges. How steep is a hill, and how narrow a bridge, are relative terms. The excerpts complained of in these special grounds of the amended motion for new trial were authorized by both the pleadings and the evidence. Where distinct issues are presented in pleadings, it is not error for the trial judge to give in charge to the jury the law relating thereto, provided the same is supported by some evidence, even though very slight and consisting of inferences drawn from sworn testimony. See *Camp* v. *Phillips*, 42 *Ga.* 289; *Brown* v. *Matthews*, 79 *Ga.* 1; *Evans* v. *Nail*, 1 *Ga. App.* 42 (supra).

The principles of law complained of in special grounds 4 and 6 as having been omitted from the excerpts from the charge, therein specified, were given elsewhere in the charge. When error is assigned upon the failure of the court to charge a required principle of law at a particular place in the charge, or in connection with a specified part thereof, the whole charge must be looked to in order to determine whether or not the alleged omitted part is error; and construing the charge as a whole, if the required part alleged to be omitted at a particular place is elsewhere contained in it, the charge is without error on this ground. *Brown* v. *Matthews*, supra.

■ Special grounds 7, 8, and 9, which complain because the court failed to charge the principles of law relating to accident, and emergency, and the meaning of proximate cause, are not complete within themselves, because the grounds fail to set forth what should have been charged. However, by way of consideration of said grounds on their merits, it must be observed that, not only was it not error to fail to charge the theory of accident,

but it would have amounted to error to have charged this principle even upon request. The pleadings and evidence of the plaintiff authorized a finding that the collision was the result of the defendant's negligence. The pleadings and evidence of the defendant would have authorized the jury to find that the collision was the result of the plaintiff's negligence. The principle of law relating to the theory of accident can only apply when under some theory of the case the injury is the result of the negligence of neither of the parties, but is a mere casualty due to the negligence of no one. See *Ault* v. *Whittemore,* 73 *Ga. App.* 10 (35 S. E. 2d, 526).

Also, under the facts of the case, the court was not required in the absence of request to give to the jury instructions as to the meaning of proximate cause and the law of emergency. See *Stewart* v. *Mynatt,* 135 *Ga.* 637 (4) (70 S. E. 325); *Georgia Ry. & Power Co.* v. *Turner,* 33 *Ga. App.* 101 (4) (125 S. E. 598), and cases cited.

The judgment overruling the motion for new trial is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*