## 33949. LEWIS *v.* DUGGAN.

DECIDED MARCH 21, 1952.

*Robert B. Williamson*, for plaintiff in error.

*W. B. Withers*, contra.

GARDNER, P. J. ■ It is insisted by the defendant that the verdict in favor of the plaintiff for $600 "is not sustained by the evidence." The plaintiff is an automobile dealer handling Chevrolet motor vehicles in the City of Moultrie, near Sylvester, and operating also an automobile-repair business. It appeared that the defendant brought certain Chevrolets, one car and at least two trucks, into this repair shop and garage where the same were serviced, worked upon, and repaired, the present suit being for such repair work, labor, and parts used in the repair of these vehicles. The defendant testified: that the plaintiff had repaired a 1942 truck for him and also worked upon other vehicles; that this truck belonged to his oldest son, but that he took it to the plaintiff's place of business and instructed some employee of the plaintiff, whose name he did not give, to install a new motor therein, to replace the transmission with a new one, and also to install a new ring gear and pinion; that he was informed that these would cost around $344; that he went to the plaintiff's garage the first of October, 1947, at which time he paid the plain-

tiff for other work already done, $100.05, and also took this truck out without paying for the work on it, and that it would not operate properly, leaking oil, and he so informed the plaintiff's employees and showed the truck to them, and was told to bring it back, and upon doing so, found them busy, and he "didn't carry it back no more"; that the truck was not worth the amount of the repair bill; that, when he got this truck, he inquired as to what he then owed the plaintiff and was informed that he owed $100.05 in addition to owing for the work on this truck, and he paid the older bill; that he never heard about "any claim on the part of Sam Duggan or any of his force about . . owing them a bill on a 1941 truck or a 1938 car or a 1936 truck"; "that, while some work was done by the plaintiff on the 1938 car, which was the only car the defendant had, none was done in 1947; that it was not true, as the plaintiff's witness said, that he brought this car into the defendant's garage on June 7, 1947, and certain work was done"; that this work was not done, "unless they came out to my home and worked on the car there"; that he remembered buying a transmission for $74.25, carrying it home and same was installed in a truck by his son; that he never owned a 1935 truck, but did own a 1936 truck, and the work for which the plaintiff charged him on the truck, if this was meant for the 1936 truck, amounted to $122.65, and was done, not by the plaintiff, but by Cecil Jennings at Sylvester; that he signed the bills dated February 4, 1947, and January 30, 1947, but the signature on the one of March 14, 1947, was not his, and he did not sign any bills for work in April or in June of 1947; that he owes the plaintiff only for the ring gear and pinion and for "bushing up the 1942 truck"; and that the repair order of June 7, 1947, was signed by "W. H. Lewis," but he did not know how his signature got there, and his 1938 Chevrolet was in his yard on that date. There was testimony of witnesses for the defendant that he had a wreck with the 1938 Chevrolet in February, 1947, and thereafter this car remained at the defendant's home, particularly in February and March, 1947, and at times was seen sitting there for around a year afterwards. One witness stated that it was not driven until around a year after the wreck in February, 1947. Another testified that he could not swear that the car was never moved, but that he saw the

same there "all during the summer, and it was not in running condition." The plaintiff's evidence, mainly consisting of his testimony and that of the employees at the garage, and of his books and records, tended to show that he had done the repair work and furnished the parts as claimed and sued for, and that the defendant was indebted to him therefor.

There is no merit in the defendant's contention that a finding was demanded in his favor that the (1941) 1942 truck had not been repaired as agreed and, therefore, the amount of around $620 ($619.20), sued for, as to this item was not due. It was the defendant's contention that the plaintiff had agreed to install in this truck a new motor, transmission, etc., which he did not do, but undertook to work over and repair the old motor. The jury found this issue against the defendant, and such finding was supported by the evidence.

It appears from the evidence that the defendant, while denying in his answer that he was indebted to the plaintiff, admitted facts authorizing the jury to find that the plaintiff did the repair work claimed, and that the defendant was due him therefor the amount of the verdict, $600.

It follows that the general grounds of the motion for a new trial are not meritorious. The verdict in favor of the plaintiff was supported by the evidence.

■ In special ground 1 of his motion for new trial, the defendant contends that the court erred in failing to charge that, if the jury found that the 1942 truck was left with the plaintiff under an agreement that a new motor, transmission, ring gear and pinion were to be installed therein, (and the plaintiff failed to do this), but, without the defendant's knowledge, permission, or acquiescence, performed other work on the truck, not in accordance with this agreement, then the plaintiff would not be entitled to recover for such work or parts which he had put into or done upon this truck. It is stated in this ground that the plaintiff did not deny or contradict the defendant's contention as to this agreement, and the court nowhere in the charge made any reference thereto. While the plaintiff did not, in rebuttal, categorically or specifically contradict this testimony of the defendant, the plaintiff's evidence supported the allegations of the petition that certain work was done and parts installed, and that the defendant had not paid therefor.

The defendant testified that he took the truck to the plaintiff's garage and stated that he desired to have installed therein a new motor, transmission, etc., after ascertaining that this would cost around $344, which the plaintiff's employees agreed to do, which the plaintiff had failed to do. However, the evidence for the plaintiff showed the work done and parts furnished by the plaintiff on this truck and on the 1938 car and 1936 (1935) truck as sued for.

The defendant in his answer made a general denial. He did not plead that there was any such agreement with the plaintiff, which the plaintiff failed to carry out, and that, therefore, he did not owe the plaintiff for any work done on the truck, the same amounting to $619.20. The defendant cannot complain that the trial judge did not submit to the jury a defense which he did not plead. See *Cowan v. Bank of Baconton*, 21 *Ga. App.* 645 (94 S. E. 808); *American Ins. Co. v. Bailey & Musgrove*, 6 *Ga. App.* 424 (6) (65 S. E. 160); *Chattahoochee Valley Ry. Co. v. Bass*, 9 *Ga. App.* 83 (14) (70 S. E. 683). The charge of the court substantially covered the issues made by the pleadings and the evidence. No written request was properly made by the defendant for a fuller and more specific charge or for instructions to the jury on the defense that the plaintiff had failed to perform the agreement made with him to install a new motor, transmission, ring gear and pinion in this truck. See *Mendenhall v. Nalley*, 81 *Ga. App.* 517, 521 (2) (59 S. E. 2d, 283). In these circumstances, no error appears from this special ground.

■ In special ground 2 the defendant says a new trial should be granted for the reason that the charge of the court, taken as a whole, consisted of abstract principles of law, and the jury were not informed as to what the issues were, and the charge was not adjusted to the issues raised by the pleadings and the evidence, and there was no application of the principles of law to such issues, so that the jury would be able to understand what to decide. This special ground is without merit. The charge, as a whole, covered the case as made by the pleadings and the evidence. The court said that the plaintiff alleged that the defendant was indebted in the sum sued for on open account, and that the defendant denied owing such account, and that "this . . forms the issue . . that has been submitted for your

consideration and determination, and to be determined by you in the light of the evidence . . if . . you should determine that this defendant is not indebted to the plaintiff, as contended by him . . if you should believe that the work and parts and labor, which the plaintiff . . sets forth . . as basis of his account, were not furnished to him—that he is not indebted to the plaintiff in any sum"—a verdict should be for the defendant; "but . . if you should find from the evidence that there is some indebtedness due the plaintiff by the defendant and not the full amount sued for," a verdict for such amount should be rendered. The court then stated that "the full contentions of the parties are set forth in the pleadings."

There was no request for a fuller charge as to the contentions of the parties, and the charge given was not error. Instructions to the jury are properly confined to the issues raised by the pleadings, and it is not error to fail to give a charge which is not authorized by the pleadings. *Martin* v. *Nichols*, 127 *Ga.* 705 (56 S. E. 995); *Hewitt* v. *Lamb*, 130 *Ga.* 709 (61 S. E. 716). "Where a defendant has entered merely a general denial of the allegations of the petition, it is not required that the judge in stating the substance of the pleadings, shall further elaborate the specific contentions with reference to the evidence, if else-where in the charge the jury are fairly instructed as to the questions upon which they are to pass, and if there has been no proper written request for such a specific charge." *American Surety Co.* v. *Smith*, 55 *Ga. App.* 633 (2) (191 S. E. 137). So, where an issue is raised solely by the evidence and not under the pleadings, and there is no proper request to charge thereon, then a failure by the court to charge on such contention is not erroneous. See *McLean* v. *Mann*, 148 *Ga.* 114 (95 S. E. 985); *City of Brunswick* v. *Glogauer*, 158 *Ga.* 792, 816 (124 S. E. 787), and cases cited.

■ There is no merit in special ground 3, in which error is assigned on this charge: "If . . you should determine that this defendant is not indebted to the plaintiff, as contended by him in this case—if you should believe that the work and parts and labor which the plaintiff . . sets forth . . as the basis of his account, were not furnished to him—that he is not indebted to the plaintiff in any sum, then the form of your

verdict would be, 'We, the jury, find in favor of the defendant.' "
Besides, under the ruling in division 1 hereof, we have seen that
this charge was correct and applicable.

■ The evidence authorized the verdict, and none of the special
grounds of the defendant's motion for new trial shows any error.
The motion for a new trial was properly denied.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*