34947. WADE, by next friend, *v.* ROBERTS.

DECIDED FEBRUARY 9, 1954.

*Kimzey & Kimzey,* for plaintiff in error.

*R. Wilson Smith, Jr., J. B. G. Logan,* contra.

TOWNSEND, J. ■ ■ Error is assigned in the first special ground of the amended motion for new trial on the use of the word "solely" in the following excerpt from the charge: "A. D. Wade . . . alleges that the defendant, Lonnie Roberts, is indebted to him in the sum of $25,000 by reason of the allegations which

he sets forth in his petition, which are briefly and substantially that . . . . there was a collision of the car in which the plaintiff was riding with the defendant's son with an automobile on that road and that the collision was proximately and solely caused by the gross negligence of the defendant's son, Gene Roberts, on that occasion." A careful analysis of the petition discloses that all of the negligence charged against anybody is charged against the driver of the automobile in which the plaintiff was riding. No negligence is charged against the driver of the other vehicle. The court was charging on the *contentions* of the plaintiff under the allegations of his petition as a whole, which contentions were that the gross negligence of the defendant's son as therein set out was the sole proximate cause of his injuries. While it is true that, in the concluding paragraph of the petition, it is alleged that the acts of negligence set out "contributed to and proximately caused said collision and injuries to plaintiff as hereinbefore set out," nevertheless, an examination of the petition itself shows no contribution of negligence on the part of any other person. Accordingly, the trial court in charging on the contentions of the plaintiff did not err as complained of in this ground of the amended motion for new trial.

The evidence adduced upon the trial of the case would have authorized a finding that the collision proximately resulted from the concurrent negligence of the drivers of both automobiles, and the third special ground of the amended motion for new trial assigns error on the failure of the court, without request, to charge the following principle of law: "Two concurring acts of negligence by persons acting independently may constitute the proximate cause of an event, and the liability arising therefrom, if any, is several as well as joint." However, the general rule is that a charge on the contentions of the parties based on the pleadings is, in the absence of request, sufficient, and the court is not required to charge upon issues made solely by the evidence. *Malone Freight Lines* v. *Pridmore*, 86 *Ga. App.* 578 (71 S. E. 2d 877); *York* v. *Stonecypher*, 181 *Ga.* 435 (182 S. E. 605); *Collins* v. *Williams*, 202 *Ga.* 710 (44 S. E. 2d 799); *Smith* v. *Tippins*, 207 *Ga.* 262 (4) (61 S. E. 2d 138); *A. G. Boone Co*. v. *Owens*, 54 *Ga. App.* 379 (9) (187 S. E. 899); *McLean* v. *Mann*, 148 *Ga.* 114 (2) (95 S. E. 985); *Hennemier* v. *Morris*, 51

*Ga. App.* 760 (181 S. E. 602). These special grounds are without merit.

■ In the second special ground of the amended motion for new trial, error is assigned on the following charge: "If the plaintiff, as a guest, was himself negligent or failed to exercise ordinary care in this situation with respect to anything he did or failed to do as to warning the driver or cautioning him or failing to leave the car or get him to stop or otherwise, if he should have done so in the exercise of ordinary care, which is for you to determine, and you should find that he did not so exercise ordinary care on his part in anything that he did or failed to do, and if that caused his injuries he could not recover," on the grounds that such charge was argumentative, not authorized by the pleadings or evidence, amounted to an expression of opinion by the court as to what would constitute negligence on the part of the plaintiff, and was an invasion of the province of the jury. It is error for the court to instruct the jury that certain acts alleged as common-law negligence constitute such negligence, instead of leaving to the jury the determination of whether such facts do or do not constitute negligence. *Watson* v. *Riggs,* 79 *Ga. App.* 784 (54 S. E. 2d 323); *Johnson* v. *Wofford Oil Co.,* 42 *Ga. App.* 647 (157 S. E. 349). It is, however, proper to charge that the jury should determine whether the plaintiff, in the circumstances, was lacking in ordinary care in failing to do whatever the jury might find that he, as a person of ordinary prudence, was called on to do in the exercise of that degree of care to avoid injury. *Randall Brothers* v. *Duckett,* 53 *Ga. App.* 250 (185 S. E. 394). It does not appear here that the judge instructed the jury that any particular act or omission on the plaintiff's part would constitute negligence, but rather he left it to the jury to determine this fact. This special ground is without merit.

■ Special ground four contends that the court erred in excluding the following: "Q. At or near the point of the collision was there any highway signs there? A. There was a school zone sign." This testimony was excluded on motion of counsel for the defendant, to the effect that whether there was a school-zone sign at that point was irrelevant and immaterial to the issues of the case.

■

"A ground of a motion for a new trial in which error is assigned on the exclusion of certain testimony is insufficient when it does not appear from the ground itself that the exclusion of the testimony was prejudicial to the complaining party." *Cathey* v. *State,* 28 *Ga. App.* 666 (3) (112 S. E. 915); *Campbell* v. *Walker,* 20 *Ga. App.* 88 (4) (92 S. E. 545). It is contended that the exclusion of the evidence was error because it was admissible under an allegation of negligence in the petition that the defendant's vehicle was being operated on a public highway at a speed greater than was reasonable and safe, having due regard for the width, grade, character, traffic, and common use of said highway at said place and time. The evidence shows that the collision took place at night, and there is a failure on the part of the plaintiff in error to show what, if anything, he intended to prove in relation to the school-zone sign—such as, for example, that it limited the speed of motor vehicles on that section of the road, or that the location of the school at such point in any way limited or affected the character, traffic, and use of the highway at the time and place of the collision, for which reason the assignment of error fails to show that the exclusion of such testimony was in any way prejudicial to complainant. This ground is without merit.

■ Special ground five complains of the admission of testimony by a witness for the defendant as follows: "I think the brakes on Roberts' car were applied then," which testimony immediately followed the witness's statement that "there were some skid marks some 30 or 40 feet probably. Well, I believe the skid marks were made from brakes." A non-expert witness may not testify as to opinions of cause and effect (*Holloway* v. *City of Milledgeville,* 35 *Ga. App.* 87, 132 S. E. 106; *Walker* v. *Southeastern Stages,* 68 *Ga. App.* 320 (2), 22 S. E. 2d 742); but he may, when he states the facts on which the opinion is based, give his opinion in connection therewith if the data cannot be placed before the jury in such a way that they may draw the inference as well as he and it would be superfluous for him to do so. *Barron* v. *Chamblee,* 199 *Ga.* 591, 595 (54 S. E. 2d 828). The witness, having testified without objection that the marks were brake-skid marks, it was not error to permit him to add, "I think the brakes were applied then." This ground is without merit.

■ The court charged the jury, relative to the family-car doctrine, as follows: "You are instructed, gentlemen, that in this case under the law as applied to the evidence, whatever the defendant's son did on this occasion would be the same as if the defendant had done it himself. Therefore, there is no issue for you to pass on on that phase of the case." This portion of the charge is not excepted to. In view of this, any error in the charge of the court as to the contentions of the parties in regard to the family-car doctrine, as contended in special ground six of the amended motion for new trial would be immaterial, this issue not being before the jury.

■ The evidence, taken in its light most favorable to the verdict for the defendant, would have authorized the jury to find that the defendant was proceeding on his own side of the road at a speed not excessive, with the lights of his car properly displayed over the brow of a small hill; that just as he crossed the summit, he came upon an automobile coming toward him on his side of the road about 20 or 30 feet distant and appearing to be pulling farther to his side of the road; and that, in this emergency, he cut his car sharply to the left; that had he cut to the right, he might have gone into a ditch beyond the shoulder of the road; that the right sides of the two automobiles collided, and that this collision and the resultant injuries were not due to his negligence, but to that of the driver of the approaching vehicle. See, in this connection, *Morrow* v. *Southeastern Stages,* 68 *Ga. App.* 142 (2), 147 (22 S. E. 2d 336); *Sullivan* v. *Morris,* 50 *Ga. App.* 394 (178 S. E. 324). The verdict was therefore authorized by evidence, and the trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*