20308, 30334.  CHAMBLISS *et al. v.* KINDRED *et al.;*
and *vice versa.* .

HAWKINS, Justice.  Mrs. Ann Mewborn Kindred filed her equi-
table petition in Fulton Superior Court against Mrs. Elizabeth
Sue Chambliss (formerly Mrs. Elizabeth Sue Blalock),
wherein she alleged: that this defendant was awarded a di-
vorce from her husband, Tom Watson Blalock, and the sum
of $100 a month, as permanent alimony and for the support
of her three minor children, by a decree of Fulton Superior
Court dated October 28, 1949; that, on April 14, 1958, Mrs.
Chambliss filed with the Clerk of Fulton Superior Court an
affidavit that there was due on said decree $7,565 as unpaid
permanent alimony for the support of three minor children,
and the clerk of court, through a deputy clerk, issued an exe-
cution on said decree in that amount, plus a stated amount
as costs, and entered the execution on the General Execution
Docket of the county; that on April 22, 1958, the sheriff of
said county, through a deputy sheriff, levied said execution
on land which the defendant, Tom Watson Blalock, had con-
veyed to the petitioner on April 10, 1958; that on May 28,
1958, the petitioner filed her statutory claim to the land
levied upon, together with a claim bond, and the levying
officer thereupon returned the claim, together with the execu-
tion to the next term of Fulton Superior Court, and the claim
was designated as suit No. A-67605 in said court, the present
proceeding being No. A-67619, filed May 30, 1958.  Petitioner
alleged that the execution is void and not binding on the
land levied on, for the following reasons: That, following the
alimony decree above referred to, the defendant, Mrs. Eliza-
beth Sue Blalock, and Tom Watson Blalock became reconciled
and were remarried on June 26, 1950, and resumed their fam-
ily life as man and wife, and received their three children
back into the home; that, by reason of this remarriage and
re-establishment of the home, the father became the natural
guardian of the children and legally responsible for the cus-
tody, welfare, education, and necessities of the children, and
all obligations of the father under the previous decree for
alimony became merged into his said responsibilities and his
status as natural guardian, and on April 10, 1958, no one had
any rights under said decree.  It is further alleged: that the
second marriage terminated in another divorce action in Clay-

ton County, wherein a decree was entered on August 20, 1951, granting a divorce and fixing alimony and support for the wife and children at $85 per month; that, for these reasons, there was nothing due under the decree of October 28, 1949, and that the execution based thereon was void and is proceeding illegally; that the decree of October 28, 1949, was not binding on the land of the husband on April 10, 1958, because no execution had then been issued; the land had not been scheduled in the divorce petition, and no lis pendens notice had been filed. The petitioner alleges that this suit should be consolidated with the claim case; that she will suffer irreparable damage, and that she has no adequate remedy at law, these two latter allegations being demurred to upon the ground that they were mere conclusions of the pleader. She prays: that the decree of October 28, 1949, be declared satisfied by the second marriage of the parties and the re-establishment of the home with the children; that the obligation of the father under said decree be declared merged into the greater obligations assumed by him by remarrying; that the execution be declared null and void, and be delivered up and canceled; that the entry on the General Execution Docket be declared null and void, and expunged from the public records; that the defendant, Mrs. Chambliss, be enjoined from enforcing said execution; that the property upon which the execution was levied be declared not subject to the levy; that the sheriff and his deputies be enjoined from selling the property under the said execution; that the suit be consolidated with the previous claim case; that process issue; that the minors be served, and for the appointment and service of a guardian ad litem.

To this petition the defendant, Mrs. Chambliss, filed her demurrer upon the ground, among others, that the plaintiff has an adequate remedy at law under the statute authorizing the filing of a claim to the property levied upon. To the judgment overruling this demurrer she excepts. The plaintiff, by cross-bill, excepts to the judgment sustaining the demurrers to certain paragraphs of the petition. *Held:*

1. This court has repeatedly held that the claim proceeding under Chapter 39-8 of the Code provides an adequate remedy at law, and precludes an injunction against the enforcement of an execution. *Sterling* v. *Arnold,* 54 *Ga.* 690, 691; *Hamberger* v. *Easter,* 57 *Ga.* 71; *Williams* v. *Smith,* 148 *Ga.* 615 (97 S. E. 670); *Douglas* v. *Jenkins,* 146 *Ga.* 341, 343 (91 S.

E. 49, Ann. Cas. 1918C 322) ; *Rowland* v. *Rich's, Inc.*, 212 *Ga.* 640 (94 S. E. 2d 688). All of the attacks made upon the execution by the petition in this case could be asserted by equitable amendment in the pending claim case. *Ford* v. *Holloway*, 112 *Ga.* 851 (38 S. E. 373) ; *Avary* v. *Avary*, 202 *Ga.* 22, 29 (41 S. E. 2d 314). In such a claim proceeding, the claimant may show that the judgment upon which the execution issued is void (*Campbell* v. *Board of Drainage Commissioners of Cedar Creek Drainage District*, 156 *Ga.* 64 (3), 118 S. E. 720; *Wheeler* v. *Martin*, 145 *Ga.* 164, 88 S. E. 951; *Eslinger* v. *Herndon*, 158 *Ga.* 823, 824, 124 S. E. 169 and 124 S. E. 900) ; that the levy is excessive (*Harris Orchard Co.* v. *Tharpe*, 177 *Ga.* 547 (4), 170 S. E. 811, 88 A.L.R. 1212) ; may show payment, and any other fact by reason of which the property is not subject to the levy (*Lightner* v. *Belk*, 178 *Ga.* 766 (2), 174 S. E. 349) ; that the execution is void or inoperative as a valid process (*Smith* v. *Lockett*, 73 *Ga.* 104 (2a)) ; may secure a declaration that the property is not subject to the levy (*Avary* v. *Avary*, supra) ; and may obtain any other appropriate relief, legal or equitable, making new or additional parties, if necessary. Code § 37-1005; *Green* v. *Mann*, 76 *Ga.* 246; *Douglas* v. *Jenkins*, 146 *Ga.* 341, supra; *Hamilton* v. *First National Bank of Rome*, 180 *Ga.* 820, 826 (180 S. E. 840).

2. In the judgment overruling the demurrer to the present equitable petition, the able trial judge called attention to the statement contained in the concluding paragraph of the opinion of this court in *Ford* v. *Holloway*, 112 *Ga.* 851, 853, supra, that "The plaintiff in execution in a claim case may bring an independent equitable petition in aid of his levy, and set up therein any matter which would make the enforcement of his execution legal and proper. And he can likewise offer an amendment in the claim case and set up any matter which is germane to the issue, or which tends to show that the property is subject to the execution." The facts of that case disclose that the plaintiff in execution there elected to pursue the latter course, and the exception there was to a judgment of the trial court rejecting such an equitable amendment in the claim case, which judgment was reversed by this court. Thus, the question of whether a party to a pending claim case may bring an independent equitable petition to obtain relief available by equitable amendment in the claim case was not

involved, and what was there said on that subject is obiter. In *Hollinshead* v. *Woodard,* 128 *Ga.* 7 (1) (57 S. E. 79), it is held: "The issue in a claim case comprehends all attacks which the claimant could make on the validity of the fi. fa. After a claimant has litigated through a claim case and the property has been found subject, and a judgment of affirmance has been rendered by the Supreme Court, a court of equity will not enjoin a sale under the levy upon any ground which the claimant might have urged in the claim case, tending to show the invalidity or discharge of the judgment." In the *Douglas* case (146 *Ga.* 341), supra, it is held that, where a petition is filed which prays for extraordinary relief, such as injunction, receiver, and the like, and it is apparent from the facts alleged that the rights of the parties can be fully protected by the use of some legal remedy, such as a claim, the existence of such a remedy would be sufficient reason for refusing to grant the extraordinary equitable relief. In *Mills* v. *Williams,* 208 *Ga.* 425 (67 S. E. 2d 212), it is pointed out that equity jurisdiction ceases where the legislature gives a specific remedy at law. See also *Johnson* v. *Gilmer,* 113 *Ga.* 1146 (39 S. E. 469); *Vaughan* v. *Vaughan,* 209 *Ga.* 730 (75 S. E. 2d 545).

3. Applying the foregoing rulings to the plaintiff's petition, it was error to overrule the demurrer thereto upon the ground that the plaintiff had an adequate remedy in the claim case, and under this ruling it becomes unnecessary to pass upon the assignments of error in the cross-bill of exceptions, complaining of the judgment sustaining demurrers to certain paragraphs of the petition.

*Judgment reversed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*

ARGUED JANUARY 15, 1959—DECIDED FEBRUARY 9, 1959.

*Rex T. Reeves, Merrill H. Collier,* for plaintiffs in error.

*Mitchell, Clarke, Pate & Anderson, Northcutt, Edwards & Johnston, Kyle Yancey, Harold Sheats, Alford Wall,* contra.