24149. CHILDS v. CHILDS.

ARGUED JUNE 12, 1967—DECIDED JUNE 22, 1967.

*Paris & Channell, James W. Paris, G. Wesley Channell,* for appellant.

*James Horace Wood,* for appellee.

MOBLEY, Justice. The amended petition of C. E. Childs against Francine Childs prayed for a divorce on the ground of cruel treatment, that he be awarded one-half the net income from a beauty shop operated on their described joint property, and that he be awarded his one-half undivided interest in the property. Mrs. Childs filed a cross action for divorce, also alleging cruel treatment. She admitted that the described property was in the names of both parties, but asserted that she

had purchased the property, had paid for the equipment of the beauty shop, and had operated the shop and supported herself and her husband from it. She prayed that the interest of her husband in the property be awarded to her as alimony. The jury returned a verdict as follows: "We the jury find that C. E. Childs be awarded total divorce & entitled his half the property. And that Mrs. C. E. Childs be awarded total divorce." This verdict was made the judgment of the court, and the appeal by Mrs. Childs is from this judgment.

■ Both parties introduced ample evidence to support the charge of cruel treatment, most of which related to excessive drinking. It is asserted in the enumeration of errors that it was error to fail to charge in the terms of *Code* § 30-109 that if the jury found both parties guilty of like conduct, they should refuse a divorce to either of them; and that the judge erred in specifically charging that the jury could award a divorce in favor of both parties. It is further contended that the verdict granting both parties a divorce was necessarily based on a finding that they were guilty of like conduct amounting to cruel treatment toward each other, and it was error to make this verdict the judgment of the court.

*Code* § 30-109 provides that, "if both parties have been guilty of like conduct, . . . then no divorce shall be granted; . . ." Where both parties in a divorce action allege cruel treatment, and there is evidence to support the allegations of each, it is reversible error to fail to charge the principle of *Code* § 30-109, that the jury should deny a divorce to either if it found that the evidence supported the respective charges of both. *Moon v. Moon,* 216 Ga. 627 (3) (118 SE2d 473); *McCartney v. McCartney,* 217 Ga. 200 (2) (121 SE2d 785); *Schwartz v. Schwartz,* 222 Ga. 460, 461 (150 SE2d 809). In the present case the judge charged the jury that, "if both were guilty of cruel treatment then you would refuse a divorce to both parties." This was a sufficient charge of the provision of *Code* § 30-109 that a divorce will not be granted either party where both are guilty of "like conduct."

In other portions of the charge the judge instructed the jury that they might grant a divorce to both parties. The jury

followed this instruction and granted a divorce to both. If the jury believed the evidence of both parties as to the cruel treatment of each by the other, this would be a finding that they were guilty of "like conduct" as referred to in *Code* § 30-109, and the only valid judgment they could have rendered was the denial of a divorce to both. It was thus error to charge that a divorce could be granted to both parties, and the verdict granting a divorce to both parties was not valid. *Perlotte v. Perlotte,* 218 Ga. 27 (3) (126 SE2d 220). While no objection was made by counsel for the appellant to the instruction that a divorce could be granted to both parties, this charge specifically authorized an invalid verdict, and it was a "substantial error" within the meaning of Ga. L. 1966, pp. 493, 498 (*Code Ann.* § 70-207 (c)), which is subject to review.

■ The judge charged the jury that "a partnership may be created either written or parol contract and may be created by joint ownership with respect to property and I charge you that if you find from the evidence that . . . the parties in this case, owned jointly and used and enjoyed the profits or any undivided profits arising out of the building, if you find such to exist, then in that event, gentlemen, you could find from the evidence that a partnership existed as between C. E. Childs and Mrs. Francine Childs." Counsel for the appellant excepted to this charge prior to the return of the verdict by the jury, and it is asserted in the enumeration of errors that there was no evidence to authorize the charge.

The evidence showed that in 1945 the appellant gave her check to purchase a house and lot in Jefferson, and that the deed to the property was made jointly to her and her husband. A beauty shop was built on this property. The appellee testified that he accompanied the appellant to buy some of the equipment for the shop, and that he had at times answered the home telephone, which was used in connection with the shop. There was no evidence that he assisted in any other way in the operation of the business, invested any money in it, or owned any interest in the business; nor was there any evidence that they ever entered into an agreement to form a partnership, or that a partnership arose from joint ownership, use, and enjoyment of

the profits of the beauty shop. See *Code* § 75-101; *Borum v. Deese*, 196 Ga. 292 (26 SE2d 538, 150 ALR 999); *Butler v. Frank*, 7 Ga. App. 655 (67 SE 884). The appellant operated this shop, and received and disbursed all the income therefrom. She did use some of the profits for the support of herself and her husband, but this was use of her money at her discretion. There was no evidence that a partnership existed between the parties in the operation of the beauty shop, and it was error to charge on partnership.

The appellant did not contend that the appellee did not own an undivided one-half interest in the real property, but prayed that his interest in the property be awarded her as alimony. The unauthorized charge with reference to the existence of a business partnership between them could have been confusing to the jury and may have prejudiced the appellant's claim for the interest of the appellee in the real property as alimony.

*Judgment reversed. All the Justices concur.*