43306.   LACY v. FERRENCE.

ARGUED JANUARY 10, 1968—DECIDED JANUARY 29, 1968.

*Alexander, Vann & Lilly, Roy M. Lilly,* for appellant.

*Marcus B. Calhoun, Frank L. Forester,* for appellee.

QUILLIAN, Judge.   The only question for determination is whether the trial judge erred in instructing the jury as to the fellow servant doctrine.   This doctrine is embodied in *Code* § 66-304: "Except in case of railroad companies, the master

shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business."

The evidence was in conflict as to whether the plaintiff was in fact an employee of the defendant. The plaintiff testified that he was not employed by the defendant and that his father paid him approximately $50 per week for his services; that he had done some work for the defendant prior to the time he was injured;· that the work consisted of hauling pulpwood and hauling logs to his father's mill. While the defendant's testimony was vague as to whether the plaintiff was his employee at the time in question, there was in evidence a check for $10 which was drawn on the defendant's account and made payable to the plaintiff. The check was dated April 24, 1962, which was only one week prior to the date the plaintiff received his injuries. There was a notation on the exhibit that it was paid to the plaintiff for "hauling logs." This evidence, though slight, was sufficient to authorize a jury inference that the plaintiff was an employee of the defendant at the time he received the injuries. "The evidence to authorize a jury instruction need not be substantial or direct; it is enough if there is even slight evidence consisting of inferences drawn from the testimony. *Harper v. Hall,* 76 Ga. App. 441 (2) (46 SE2d 201); *Bowie Martin, Inc. v. Dews,* 73 Ga. App. 73 (1) (35 SE2d 577). This is true even though the great preponderance of evidence tends to show that a supposed state of facts does not exist. *Hawkins v. State,* 80 Ga. App. 496 (2) (56 SE2d 315)." *Housing Authority of Atlanta v. Troncalli,* 111 Ga. App. 515, 517 (142 SE2d 93).

Thus, the trial judge did not err in giving the charge to which the appellant objects.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*