## 45098.   BERGER v. PLANTATION PIPELINE COMPANY et al.

EVANS, Judge.   This is an action for damages to private property by reason of the defendants setting off excessive charges of dynamite, causing the injury to plaintiff's property, allegedly from concussion as a direct result of the blasting with dynamite.   The case proceeded to trial before a jury which returned a verdict for the defendant.   The appeal is from the final order entering judgment for the defendants.   Error is enumerated on, (1) the disallowance of certain evidence, (2) the charge of the court on negligence and on the court's erroneous concept of the existing law in Georgia relative to

damage to realty, and (3) the charge of the court that a wrongful act which puts other forces in operation causes the party to be responsible for the injuries or damages thus created. In substance, the majority of the errors enumerated are based upon the concept of the court that this was a negligence case rather than one of trespass to realty. *Held:*

1. Injuries to real property caused by concussion resulting from dynamite blasting are considered direct, and constitute a trespass to the realty. "One who voluntarily sets the force in motion is absolutely liable to the injured party despite the exercise of due care." *Brooks v. Ready-Mix Concrete Co.,* 94 Ga. App. 791 (96 SE2d 213) ; *Ready-Mix Concrete Co. v. Rape,* 98 Ga. App. 503 (1) (106 SE2d 429).

2. The petitioner's pleadings in this case are based on, (1) the failure of the defendants to exercise ordinary care in setting off the dynamite charges in that "the defendants were negligent in setting off a charge," causing the damages to petitioner's swimming pool located on his residential property, and (2) the reckless disregard of his peaceful enjoyment of his property.

3. Error is enumerated on the exclusion of the opinion testimony of the plaintiff as a non-expert witness as to the cause of damage to his property. However, counsel failed to perfect the record by making a showing as to what he expected the witness to answer, or show how the expected answer would be relevant and material and beneficial to him. *Paulk v. Thomas,* 115 Ga. App. 436 (4) (154 SE2d 872), and cases cited therein. This enumerated error is not meritorious.

4. Where distinct issues are presented in pleadings, it is never error for the trial judge to give in his charge to the jury the law relating thereto, provided the same is supported by some evidence. *Camp v. Phillips,* 42 Ga. 289; *Brown v. Matthews,* 79 Ga. 1 (4 SE 13) ; *Evans & Pennington v. Nail,* 1 Ga. App. 42 (57 SE 1020) ; *Harper v. Hall,* 76 Ga. App. 441 (2) (46 SE2d 201) ; *Lacy v. Ferrence,* 117 Ga. App. 139 (159 SE2d 479).

5. The charge on "wrongful act" here complained of does not appear to be such "a substantial error in the charge which was harmful as a matter of law," as to require a review by this court under *Code Ann.* § 70-207 (c) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), and since no objection was made in accordance with *Code Ann.* § 70-207

(a), supra, appellant cannot complain of this charge. See *Hollywood Baptist Church of Rome v. State Hwy. Dept.,* 114 Ga. App. 98, 99 (150 SE2d 271); *Childs v. Childs,* 223 Ga. 435, 437 (156 SE2d 21); *Yale & Towne, Inc. v. Sharpe,* 118 Ga. App. 480, 486 (164 SE2d 318).

6. While the petitioner alleged that the defendants failed to exercise ordinary care in the blasting carried on by them, thus authorizing the charge of the court on negligence, nevertheless, the petitioner also alleged that the defendant set off the charge of dynamite "in reckless disregard of the plaintiff's right to peaceful enjoyment of his property without damage being done thereto," thus, in effect, pleading *Code* § 105-1401; and that the injuries constituted a trespass to realty, and that the one who voluntarily sets the force in motion is absolutely liable to the injured party, despite the execise of due care. The court erred in giving the charge based solely on the grounds of negligence and failing to charge on trespass. It is the duty of the court to charge the jury on the law "as to every controlling, material, substantial and vital issue in the case." *Jackson v. Matlock,* 87 Ga. App. 593 (1) (74 SE2d 667); *Chambliss v. Kindred,* 214 Ga. 712 (3) (107 SE2d 205); *Anderson v. Barron,* 208 Ga. 785 (4) (69 SE2d 874); *Daniel v. Etheredge,* 191 Ga. 793 (2) (13 SE2d 763). "Where it fails to give . . . the benefit of a theory of the defense which is sustained by the evidence . . . a new trial must be granted. *Clark v. Sapp,* 47 Ga. App. 91 (2) (169 SE 692); *Susong v. McKenna,* 126 Ga. 433 (55 SE 236)." *Lincoln Life Ins. Co. v. Anderson,* 109 Ga. App. 238, 240 (136 SE2d 1).

*Judgment reversed. Hall, P. J., and Deen, J., concur.*

SUBMITTED FEBRUARY 4, 1970—DECIDED MARCH 12, 1970.

*Powell & Berger, Richard L. Powell,* for appellant.

*Long, Weinberg, Ansley & Wheeler, John K. Dunlap,* for appellees.

HALL, Presiding Judge, concurring in part. 1. While I concur in Division 3 of the opinion, in view of the fact there will be a new trial I will state for the record that in my opinion the trial court did not err in refusing to allow a non-expert witness to give his opinion on the cause of the damage to the pool. The

ruling was proper for either of two reasons. First, while an expert may base his opinion on facts stated by other witnesses, a non-expert may not, but must base his opinion on his own observations. *Brazil v. Roberts*, 198 Ga. 477 (32 SE2d 171); Agnor, 11 Encyclopedia of Georgia Law 266, Evidence, § 15; Green, Georgia Law of Evidence, p. 276, § 112. The facts in the transcript show that the non-expert witness stated that there were no cracks in his pool on one day and that he discovered the cracks in the pool the following day. He did not testify that he heard explosions take place during this period. On the contrary he heard no blasting during this period. Testimony on the blasting came from another witness.

The other reason is that the question called for an opinion based upon an inference which the jury could draw as well as he. This is explained fully in *Barron v. Chamblee*, 199 Ga. 591, 595 (34 SE2d 828). As an example of a situation in which "the data could not be placed before the jury in such a way that they may draw the inference as well as he," see *Atlantic C. L. R. Co. v. Smith*, 107 Ga. App. 384 (5) (130 SE2d 355). It could hardly be contended in this case that the jury could not draw the inference as well as this non-expert witness.

2. While I concur in Division 6 of the majority opinion, I will mention the difficulty of the trial judge and opposing counsel in this type of situation and the suggested remedy. The law prior to the Civil Practice Act of 1966 was that while the trial court is not bound to charge upon issues made *solely* by the evidence, it must charge upon issues made by the pleadings and the evidence. *Crawford v. Noles*, 90 Ga. App. 315 (83 SE2d 39); *Wade v. Roberts*, 89 Ga. App. 607, 608 (80 SE2d 728); *Doggett v. Simms*, 79 Ga. 253 (4 SE 909); *Lewis v. Duggan*, 85 Ga. App. 733, 737 (70 SE2d 66).

The Civil Practice Act of 1966 is substantially the same as the Federal Rules of Civil Procedure. "The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved." 2A Moore's Federal Practice (2d Ed.) 1613, § 8.03. See *Byrd v. Ford Motor Co.*, 118 Ga. App. 333-334 (163 SE2d 327); *Hunter v. A-1 Bonding Service, Inc.*, 118 Ga. App. 498 (164 SE2d 246); *Mar-*

*tin v. Approved Bancredit Corp.*, 224 Ga. 550, 551 (163 SE2d 885). An alarmist who views "loose pleading" as a vice must be told that pleadings are only part of the story. If a plaintiff pleads no more than is necessary to state a claim for relief under *Code Ann.* § 81A-108, the issues of law can and should be formulated by discovery and pre-trial procedure.

In the present case, the plaintiff has a very general allegation in his petition that would authorize him to prove his case under *Code* § 105-1401. He introduced evidence to support this allegation and as a result had the right to make a timely objection to the failure of the trial judge to charge on trespass. This issue could have been made more specific in a pre-trial conference and order which is mandatory upon the motion of any party or the court's own motion. *Code Ann.* § 81A-116. Where there is no pre-trial order setting forth the issues and the pleadings are in general terms, the trial can become a ship without a rudder.